[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Nancy Kiniry, appeals an adverse ruling by the State of Connecticut Department of Public Health ("DPH"), issued February 18, 1998 which affirmed the health director of the Town of Haddam's denial of plaintiffs request for reconsideration of a March 24, 1992 notice of violation and order. This court finds in favor of the defendant DPH.
The plaintiff is, and was at all pertinent times, the owner of real property located at 78 West Shore Drive in the Town of Haddam, County of Middlesex, State of Connecticut. The property is located in the Hidden Lake neighborhood, but is not waterfront property. The plaintiff purchased the property in December, 1990, from Mrs. Mary French for a purchase price of $20,000. Mrs. French and her husband had purchased the property in 1967 from Albert Recor, who had occupied the property on a full time year round basis. The Frenchs used the property as a second home retreat on weekends and vacation periods during the year. The plaintiff moved into the house shortly after the closing in December, 1990, and began making renovations.
On March 24, 1992, the plaintiff was issued a notice of violation by the Health Director, Town of Haddam, informing her that the existing structure on her property had been modified to allow for its year round use in violation of the Public Health Code, § 19-13-B100. Section 19-13-B100 provided, in pertinent part:
(a) If public sewers are not available, no building shall be converted so as to enable its use year round nor shall its use be changed unless after the said conversion or use change the lot satisfies all the current requirements of the Public Health Code CT Page 6010 for the installation of subsurface sewage disposal facilities except for the one hundred percent reserve area.[1]
The plaintiff's appeal of the Haddam health director's notice of violation to the Commissioner of DPH was dismissed as untimely.
Subsequently, the health director sought injunctive relief against the plaintiff in Superior Court. The injunction request was denied by the Superior Court, however that decision was appealed and reversed by the Appellate Court. Haddam v. LaPointe,42 Conn. App. 631 (1996). While reversing the trial court because the plaintiff had failed to exhaust her administrative remedies, the Appellate Court declined to address the plaintiffs claim that § 19-13-B100 was unconstitutionally vague since she had not petitioned DPH for a declaratory ruling on this issue. Id., 640.
After the health director denied a request to reconsider the order, the plaintiff appealed the health director's denial to the DPH on March 13, 1997. On the same date, the plaintiff petitioned DPH for a declaratory ruling on the constitutionality of Public Health Code § 19-13-B100. On June 18, 1997, a joint hearing on the appeal and on the declaratory ruling petition was conducted. Proposed decisions were issued on November 12, 1997, and subsequent to oral argument, final decisions on the appeal and declaratory ruling were issued on February 18, 1998.
A separate opinion from this court addresses the declaratory ruling. This administrative appeal is from the DPH decision which affirmed the health director's denial of the plaintiffs request to reconsider the 1992 notice of violation and order. In this appeal, the plaintiff raises three specific issues:
 1. Was the action of the Town of Haddam director of health a proper exercise of his authority pursuant to Connecticut General Statutes § 19a-200 et seq?
 2. Did the plaintiff "convert" her property at 78 West Shore Drive from seasonal to year round use?
 3. Is § 19-131-B100 of the Public Health Code unconstitutionally vague and uncertain?
This appeal concerns the March 12, 1997, denial by the Haddam health director of the plaintiffs request for reconsideration and CT Page 6011 the health director's order that the March 24, 1992 order remain in full force and effect. What was presented to DPH was not the propriety of the March 24, 1992 order, but rather whether the Haddam health department correctly refused to reconsider the original order in its March 12, 1997 order. In this regard, the DPH hearing officer, Steven J. Varga, made the following findings of fact.
 9. On March 6, 1997, appellant requested that the Health Department reconsider her case, with particular attention to the issue of whether the evidence supports the Town's claim that appellant converted the property from seasonal to year round use. Appellant requested that the Health Department consider specifically the following information:
 "a. that the Town of Haddam has no municipal regulation that defines, regulates or otherwise provides notice that a property may be available for occupancy on less than a year round basis;
 b. that after an evidentiary hearing to the Court on the Town's Motion for Temporary Injunction before Judge Walsh that no finding was made supporting the Town's claim of conversion;
 c. that after trial of the case before Judge Spallone, again no finding of fact was made to support the Town's claim of conversion;
 d. that after consideration by the Appellate Session (sic) of the Supreme Court, although the case was remanded, the Court did not disturb any findings of fact regarding the conversion issue; and,
e. that Ms. Kiniry's engineer, former Haddam Town Engineer Thomas Metcalf, is prepared to design an up-graded system at the site in the event the current system should fail that although not one hundred percent Health Code compliant, would CT Page 6012 nevertheless be an improvement of the existing system." App. Exh. E.
 10. On March 12, 1997, John J. Korab, M.D., Director of Health, denied the request for reconsideration and ordered that the March 24, 1992 order remain in full force and effect. Health Dept. Exh. 1.
(Return of Record ("ROR"), Vol. 1, p. 8.)
In this appeal, DPH first claims that this court lacks subject matter jurisdiction. DPH argues that this appeal should be dismissed because it is not a final decision in a "contested case" as required by General Statutes § 4-183. The claim is that there is no state statute which requires DPH to conduct a hearing on this matter and therefore, this case does not meet the definition of a "contested case" as set forth in General Statutes § 4-166(2).
The Uniform Administrative Procedures Act ("UAPA"), General Statutes § 4-183, provides the right to an administrative appeal to a "person who has exhausted all administrative remedies. . ., and who is aggrieved by a final decision." Section4-166(3)(A) defines "final decision" as "the agency determination in a contested case." Section 4-166(2) defines "contested case" as a "proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held."
It is true, as contended by the defendant, that in SummitHydropower Partnership v. Commissioner of EnvironmentalProtection, 226 Conn. 792 (1993), our Supreme Court affirmed that under § 4-183 the Superior Court lacks jurisdiction to hear an administrative appeal in the absence of a statutory provision requiring the agency to provide an opportunity for a hearing to determine a party's legal rights, duties or privileges. The argument against the defendant's position is that the Commissioner's obligation to afford a hearing is established by General Statutes § 19a-229 which provides:
Any person aggrieved by an order issued by a town, city or borough director of health may, within forty-eight hours after the making of such order, appeal to the Commissioner of Public Health, who CT Page 6013 shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order.
This jurisdictional argument of DPH has been raised and rejected in other Superior Court decisions. See, e.g., Dillon v.Dept. of Public Health, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 570364 (September 25, 1997, McWeeny, J.); O'Shea v. Dept. of Public Health, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0571551 (November 17, 1997, McWeeny, J.); GDDevelopment, Inc. v. Addiss, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0509580, (June 14, 1995, Maloney, J.); Leyman v. Newton, Superior Court, Judicial District of Danbury, Docket No. 322986 (July 19, 1996, Moraghan, J.).[2] This Court sees no reason to depart from the holdings of the prior cases and the rationales contained therein, which have rejected the defendant's jurisdictional argument.
Here, the plaintiffs first argument is that the action of the Town of Haddam director of health was an improper exercise of his authority pursuant to Gen. Stat. § 19a-200 et seq. The plaintiff contends that the notice of violation and order by the director of health, Town of Haddam, dated March 24, 1992, was invalidly issued. This claim could have been made in an appeal under General Statutes § 19a-229 in 1992, however, the plaintiff failed to properly appeal the notice of violation and order. Additionally, the plaintiff did not raise this issue when she petitioned the health director to reconsider his order, nor when she appealed the reconsideration denial to the commissioner of DPH in March of 1997.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." The plaintiffs claim that the health director's action was an improper exercise of his authority could have been raised when she asked the health director to reconsider his order and when she appealed the denial of the reconsideration request to DPH. Where a claim that could have been raised before and ruled upon by the hearing officer is not raised before the agency, it is not proper to raise it in the first instance on appeal and it is not the role of this Court to CT Page 6014 make findings of fact or to rule on such a claim. Tomlinson v.Board of Education, 226 Conn. 704, 730-731 (1993).
The plaintiffs allegation concerning the issuance of the health director's order raises issues of fact and requires application of the public health statutes and regulations to those facts. This allegation clearly is within the commissioner's authority to determine under General Statutes § 19a-229. The plaintiffs failure to raise this issue before DPH either in 1992 or in 1997 deprived the commissioner of the opportunity to decide this issue. "A party to an administrative proceeding cannot be allowed to participate fully at hearings and then, on appeal, raise claims that were not asserted before the [agency]." Draganv. Connecticut Medical Examining Board, 223 Conn. 618, 632
(1992); see also Jutkowitz v. Department of Health Services,220 Conn. 86, 95-96 (1991). By failing to raise her claim during the administrative proceedings before the hearing officer, the plaintiff waived this claim. Tomlinson v. Board of Education, supra, 226 Conn. 732. Accordingly, the plaintiffs claim that the Haddam health director's 1992 order was an improper exercise of his authority must fail.
The plaintiff's second and third issues, namely whether the plaintiff "converted" her property at 78 West Shore Drive, Haddam, from seasonal to year round use and whether § 19-13-B 100 of the public health code is unconstitutionally vague and uncertain, are also subjects of the plaintiffs appeal of the DPH declaratory ruling.
An administrative regulation is presumed valid. Slimp v.Department of Liquor Control, 239 Conn. 599, 607 n. 18 (1996). Where an agency has been delegated the authority to prescribe rules and regulations, those rules and regulations must set forth primary standards and lay down an intelligent principle to which that agency must conform. State v. Stoddard, 126 Conn. 623, 628
(1940). A regulation, like a statute, must contain fixed standards and cannot be too general in its terms. Ghent v.Planning Commission, 219 Conn. 511, 517 (1991). The Connecticut legislature has properly delegated authority solely to the Commissioner of Public Health to establish a public health code.State v. Vachon, 140 Conn. 478, 483 (1953). When interpreting a meaning of a regulation, it should be construed, if it reasonably can be done, so as to make it valid. Citerella v. UnitedIlluminating Co., 158 Conn. 600, 608 (1969). The burden of proving that an administrative regulation is unconstitutionally CT Page 6015 vague rests with the plaintiff. Barberino Realty DevelopmentCorp. v. Planning Zoning Commission, 222 Conn. 607, 620 (1992). In addition, the plaintiff must show that the regulation complained of is impermissibly vague as applied to the facts of the particular case. Bombero v. Planning Zoning Commission,218 Conn. 737, 743 (1991). The plaintiff has not met these burdens in this appeal.
The DPH final decision concluded that the Haddam director of health reasonably found that the property had not been used as a year round residence since 1967. The plaintiff, a realtor, who was the exclusive listing agent for the property, had described the building as a "summer cottage" with a "space heater" as its only source of heat in the Multiple Listing Sheet. ROR, Vol. 2, Exh. 5, p. 397, Pl. Exh. 44.) The property was purchased by the plaintiff in 1990 for $20,000. The prior owner, Mrs. French, described the property as an un-insulated 600 square foot structure, with no basement and supported by cement blocks. There was no hot water heater, no water tank, no insulation on the water pipes from the well, and no insulation on the bare wood walls. There was no shower, a small kitchenette, and the only source of heat was a propane space heater. (ROR, Vol. 2, Exh. 4, pp. 305-319).
The prior occupant of the property, Darin Wilson, determined that due to a lack of amenities, including insufficient insulation, source of heat and hot water, and the lack of a kitchen, he could not live in the cottage in that condition on a year round basis. Wilson sought the advice of a Haddam building official in order to explore the possibility of converting the cottage to accommodate year round use. (ROR, Vol. 2, pp. 111-112.) Based on his review of the town records and his conversations regarding the cottage with Wilson, the building official, Robert Rothstein, made the initial determination that the cottage was not equipped for year round use in the Spring of 1990. Although Wilson had a lease with an option to buy agreement, he opted not to purchase the property since it was unsuitable for winter use and moved out in July, 1990. (ROR, Vol 2, pp. 114-117; 120.)
Thereafter, on February 9, 1992, Mr. Rothstein received a complaint from the president of the Hidden Lake Association Board of Governors, concerning an unpermitted conversion to year round use of the property. (ROR, Vol. 2, pp. 383-84.) The complainant expressed concern for the Town and also the Hidden Lake CT Page 6016 Association and the health of "our relatively crowded area". The complainant expressed concern that the property had been found unsuitable for conversion to year round use by virtue of a soil test which showed the property to be unable to support a septic system, and accordingly, asked Mr. Rothstein to conduct an investigation. Inspections of the property revealed the presence of a heating system much larger than the space heater described at the date of purchase, as well as a 100 gallon propane tank. The plaintiff told representatives of the gas company that she intended to live in the property in the winter and needed a much larger heater because the other one was inadequate. (ROR, Vol. 2, pp. 133-137.) Although the furnace was manufactured on April 15, 1991, when asked if this was a new heating system that had been installed in the structure, the plaintiff said "no" and stated that this was the heating system that had been in the structure since her purchase of it. (ROR, Vol. 2, p. 39.) In addition, inspections revealed that the screened porch had been enclosed, the well piping had been redirected and insulated, and an indoor water tank and hot water heater installed. The kitchen and bathroom had also been renovated. (ROR, Vol. 2, pp. 383-385; 38-42.)
Prior to her purchase of the property, the plaintiff had been told by Mr. Rothstein that doing these renovations or additions would be a conversion from seasonal to year round use under the Public Health Code and that Health Department approval would be required. (ROR, Vol. 2, pp. 48-51; 385.) The DPH decision concluded that the evidence had established that there were reasonable grounds to find that the plaintiff converted the subject property to a year round dwelling in violation of § 19-13-B100, and that the Haddam director of health acted appropriately in so concluding. The DPH further concluded that:
 After consideration of the principles of statutory interpretation, a common sense reading of § 19-13-B100, prior applications of this regulation by the agency and the facts of this case, it is reasonable to conclude that the provision is valid as applied in this matter.
(ROR, Vol. 1, p. 27.) This Court agrees with the conclusions of DPH.
In arguing that the plaintiff did not convert the property from seasonal to year round use in violation of the Public Health CT Page 6017 Code, the plaintiff relies, in part, on the decisions of Judge John Walsh and Judge Daniel Spallone denying injunctive relief to the Town of Haddam. Judge Spallone's decision was appealed by the Town of Haddam and reversed by the Connecticut Appellate Court.Haddam v. LaPointe, 42 Conn. App. 631 (1996). The Appellate Court held that the trial court had erred by acting as a fact finder and requiring the Town to prove a violation of the Public Health Code, but did not address the plaintiffs claim that § 19-13-B100 was unconstitutionally vague, Id., 640. Judge Walsh's decision was on the Town's Motion for Temporary Injunction. The purpose of a temporary injunction is to consider preserving the status quo until the matter can be decided after a full hearing on the merits. Thus, the opinions upon which the plaintiff relies here which sought injunctive relief are not supportive of the plaintiffs position.
The intent of § 19-13-B100 is to prevent the use of seasonal properties throughout the year, unless the property meets current septic system requirements. Clearly, the purpose is to protect the public from the harm inherent in the failure of a septic system. In the present case, there is no question that the property does not meet the minimum standards for the installation of a subsurface sewage septic system. Statutes directed at preserving and protecting the public health are to be construed liberally to effectuate their purpose. State v. Vachon, supra,140 Conn. 482. "Where the legislature uses a broad term . . . in an administrative context, without attempting to define that term, it evinces a legislative judgment that the agency should define the parameters of that term on a case-by-case basis." CosCob Volunteer Fire Co. #1 v. FOIC, 212 Conn. 100, 106 (1989). The foregoing applies to regulations which have the force and effect of law. Phelps Dodge Copper Products Co. v. Groppo,204 Conn. 122, 134 (1988). Validly enacted regulations of an administrative agency carry the force of statutory law. Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 497
(1986). Where a statute or regulation does not define a term, it is appropriate to focus upon its common understanding as expressed in the law and upon its dictionary meaning. Zipersteinv. Tax Commissioner 178 Conn. 493, 500 (1979).
Thus, to prevail on the claim of vagueness, the plaintiff must establish that a person of ordinary intelligence would not be able to know whether the conduct is permitted or prohibited under the statute. "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when CT Page 6018 measured by common understanding and practices." (Internal quotation marks omitted.) Connecticut Building Wrecking Co. v.Carothers, 218 Conn. 580, 591 (1991).
The critical language of § 19-13-B100 of the Public Health Code states that "no building shall be converted so as to enable its use year round" unless all the current requirements of the Public Health Code for the installation of subsurface sewage disposal facilities are met. "Convert" means "to change something from one use, function, or purpose to another." The AmericanHeritage College Dictionary (3rd Edition, 1993), p. 304. "Enable" means "to make feasible or possible". Id., p. 452. "Year round" means "existing, active, or continuous throughout the year". Id., p. 1562. These dictionary definitions of these common terms satisfy the requirement that a regulation must provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited or permitted. A property owner is only required to be able to determine if the dwelling can or cannot be used on a continuous basis throughout the year. Clearly, the language of § 19-13-B100 is not so general as to exceed common understanding.
To convert under § 19-13-B100 then, involves changing the function of a building from seasonal use to use throughout the entire year, e.g., winter time. The plaintiff has not shown that this regulation is impermissibly vague as applied to the facts of this case. See Barberino Realty Development Corp. v.Planning Zoning Commission, supra, 222 Conn. 620. The renovations to the building as outlined above were extensive. No building permits or approval for the heating system were obtained. The extensive changes and upgrades in the heating system, insulation, water system with redirected insulated well piping, enclosure of a screened in porch and renovations to the kitchen and bathroom, all support the Haddam building official's conclusion that the building had been converted to year round occupancy. (ROR, Vol. 2, p. 42.) Common sense dictates that the property which the plaintiff had listed as a "summer cottage" now could be occupied on a year round basis. Accordingly, the standards set forth in the regulation are sufficient to withstand the plaintiffs void for vagueness challenge when applied to the facts of this case.
The plaintiff's arguments that all conventional and routine inspections and examinations prior to her purchase of the property failed to reveal a limitation as to year round use or a CT Page 6019 potential violation of the Public Health Code simply do not support a finding that the regulation is vague. There is no requirement under the statutes that a municipality give notice to the general public that a property is restricted by the Public Health Code. Nor do prior memoranda from the DPH. Memoranda from DPH employees do not constitute legally binding determinations as to the constitutionality of regulations. Here, the plaintiff never sought clarification from DPH or from the Town of Haddam through a declaratory ruling or any other means, prior to initiating the extensive renovations outlined above to convert a summer cottage into a year round residence. As argued by DPH in this appeal, the determination that a property has been converted to year round use necessarily is a question of fact. See Cummingsv. Tripp, 204 Conn. 67, 83-84 (1987). That determination is supported by substantial evidence in the record. The fact that DPH issued guidelines in 1988 and 1989 to local health directors to assist with the application of § 19-13-B100 does not indicate that the regulation was so vague as to be unconstitutional. It is appropriate for this court to give deference to an agency's interpretation of its own regulations.Starr v. Commissioner of Environmental Protection, 226 Conn. 358,376 (1993).
This court finds that the determination of the DPH that § 19-13-B100 of the Public Health Code is not unconstitutionally vague, was correct. The DPH correctly ruled that § 19-13-B100 is not invalid as applied to the circumstances of the plaintiffs case, and that the plaintiff had converted her property from seasonal to year round use.
Based on all of the foregoing, the plaintiffs administrative appeal from the denial of the plaintiffs request to reconsider is dismissed.
Michael Hartmere, Judge