[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of an administrative appeal filed by the plaintiff following an adverse ruling by the Commissioner of Consumer Protection (the "Commissioner") rendered on April 12, 1999. The Commissioner had initiated the administrative action against the plaintiff, Vuoso Enterprises, Inc., charging and ultimately finding that the plaintiff had violated the Connecticut Unfair Trade Practices Act, Connecticut General Statute (C.G.S.) section 42-10a et. seq. ("CUTPA"). The plaintiff appeals the decision of the Commissioner, asserting five separate grounds as a basis to set aside the ruling.
FACTUAL BACKGROUND
The Commissioner brought this action following an undercover investigation by agents of the Department of Consumer Protection. The purpose of the investigation was to determine whether or not automobile shops, including the one owned by the plaintiff, were misleading consumers and advising them that expensive repairs were needed when only minor adjustments were required. During the investigation the defendant concluded that there had been misconduct on the part of the plaintiff and initiated a hearing.
The pertinent facts in this case are, substantially, undisputed. In the CT Page 3132-a summer of 1996 agents of the defendant brought an automobile to the plaintiff's shop claiming that it had a transmission problem which had been going on for approximately one week. In fact, the automobile, which had an electronically-controlled transmission, had a disconnected harness on the top of the transmission. The plaintiff's employee incorrectly diagnosed the defect, as had employees in nine other automobile shops confronted with the same problem.
After a test drive, an employee of the plaintiff indicated that the problem might be the transmission, and recommended that the car undergo an 11 point inspection. After the inspection the plaintiff's employee stated that something was "seriously wrong inside the transmission, and that the transmission had to come out of the car and be taken apart to be fixed." Defendant's Reply Brief, p. 3. The cost to remove the transmission and repair it would be approximately $2,000.
Following the misdiagnosis of the mechanical problem, the Commissioner initiated an administrative action against the plaintiff. At an initial hearing, Hearing Officer Wendlandt issued a ruling on a preliminary matter in favor of the plaintiff. Before the next hearing was scheduled, Hearing Officer Wendlandt was replaced by Hearing Officer Smith who reversed the ruling made by Wendlandt. After a contested hearing, Hearing Officer Smith issued a final proposed decision, which the Commissioner rejected in part, and adopted in part. The Commissioner adopted the Hearing Officer's findings of facts, but issued his own conclusions of law. The Commissioner concluded that the plaintiff had violated CUTPA by making false and misleading statements as to the condition of the motor vehicle and as to the necessary repairs. More specifically, the Commissioner found that the plaintiff has "made statements as to the condition of the vehicle and the necessity of repairs which it knew or should have known were false or misleading in violation of Conn. Gen. Stat. Sec. 14-65j(a). The aforementioned conduct rose to the level of a violation of the Connecticut Unfair Trade Practices Act . . ." The Commissioner ordered that the plaintiff "cease and desist from making any statements to a customer which it should know is false and misleading, including, but not limited to, statements as to the necessity of repairs or the condition of the customer's vehicle." (Record Number 33).
ARGUMENTS OF THE PARTIES
The plaintiff claims that the Commissioner's decision is not based on legal or factual grounds. Specifically, the plaintiff claims that the decision of the Commissioner should be overturned on five grounds. First, the plaintiff claims that the defendant's failure to make a timely CT Page 3132-b return of the entire record to the court mandates that the ruling be overturned. Second, the plaintiff argues that the Commissioner's decision, reversing the Hearing Officer's conclusions, is arbitrary and capricious and is an abuse of discretion and is contrary to law. Third, the plaintiff states that the alleged violation of General Statutes section 14-65j(a) does not provide jurisdiction to the Commissioner of the Department of Consumer Protection. Fourth, the plaintiff maintains that the Commissioner's conclusions were clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Finally, the plaintiff claims that it was deprived of due process and a meaningful fair hearing because the same agency brought the underlying complaint, prosecuted the complaint and rendered the final decision.
The defendant opposes the plaintiff's various arguments with the assertion that the decision of the Commissioner is supported by both the facts and the law. In its brief, the defendant counters each of the plaintiff's arguments individually. Those responses will be addressed in the body of this decision.
LEGAL DISCUSSION
 Standard for Review
The legal standard to be applied by this court is the one applicable to an administrative appeal. The General Statutes provide that, when entertaining an appeal from an administrative agency: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." C.G.S. section 4-183 (j).
The Connecticut Supreme Court has given directions regarding how the Superior Courts are to handle administrative appeals. "In challenging an administrative agency action, the plaintiff has the burden of proof . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de CT Page 3132-c novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision."Samperi v. Inland Wetlands Agency of City of West Haven, 226 Conn. 579,587, 628 A.2d 1286 (1993).
Taking the arguments of the plaintiff in the order in which they appear in the plaintiff's brief, the court will address each of the plaintiff's claims.
Claim that Defendant Failed to File a Complete Record
Pursuant to General Statutes section 4-183 (g), the plaintiff claims that the defendant was required to file a complete record of the administrative hearing with this court, within thirty says of the appeal. That section provides that: "[w]ithin thirty days after service of the appeal . . . the agency shall transcribe any portion of the record that has not been transcribed and transmit to the reviewing court the original or a certified copy of the entire record . . ." The plaintiff argues that because the defendant failed to submit an entire and complete record within thirty days, this court should sustain its appeal on this ground alone. In support of its position, the plaintiff cites a Superior Court decision which reiterates the requirement that appeals may be prosecuted only in strict compliance with the governing statutes.Wallingford Board of Education v. State Board of Education, 36 Conn. Sup. 282, [36 Conn. Sup. 285], 289 (1980).
The defendant does not dispute the plaintiff's assertion that a complete record was not submitted within thirty days of the service of the appeal. The defendant acknowledges that there were omissions in the first submission. The second submission, it claims, provided that missing information. Rather, in response to the plaintiff's arguments the defendant claims that first, there is no legal support for the plaintiff's position; and second, the failure to have a complete record caused no prejudice to the plaintiff. The defendant cites a Supreme Court case in which the court held that "the absence of a complete record did not divest the trial court of jurisdiction to entertain the appeal."Ghent v. Planning Commission of City of Waterbury, 219 Conn. 511, 594 A.2d 5
(1991). Although the defendant acknowledges that Ghent is not directly on point because it relates to whether or not the court had jurisdiction to hear the appeal and not whether or not the court should overturn an administrative decision, it argues that this court should consider the case when deciding this issue.
The statute itself does not provide for automatic reversal of the CT Page 3132-d administrative decision when the agency fails to provide a complete record within thirty days. There is no case law directly on point which would indicate that the court should interpret and apply the statute in the manner sought by the plaintiff. In fact, the case law seems to support the defendant's position. This court denies the plaintiff's request to overturn the Commissioner's decision on the ground that the defendant failed to file a timely complete decision.
Claim that Commissioner's Decision was an Abuse of Discretion andwas Contrary to Law
The plaintiff claims that the Commissioner's decision was arbitrary and capricious and against the law in a number of ways. First, the plaintiff argues that a single act of malfeasance is insufficient to support a finding of a violation of CUTPA. The Hearing Officer had concluded that the plaintiff was guilty of a single incident of negligent conduct, but that "the negligent conduct of the Respondent does not amount to immoral, unethical, oppressive or unscrupulous conduct." (Record No. 26, Hearing Officer's Recommended Findings of Fact, Conclusions of Law and Order, dated November 20, 1998). A single incident of negligence, the plaintiff claims, fails to meet the Cigarette test. The plaintiff argues that the issue of degree of violation of the cigarette test is based on a factual and not a legal determination. Therefore, it concludes that the Commissioner could not have found a CUTPA violation based on the single act of negligence that the Hearing Officer found.
The defendant counters the plaintiff's argument by citing case law which states that all three criteria do not need to be met in order to satisfy the Cigarette test. It argues that because the Commissioner found that the plaintiff's conduct offended public policy, a finding that was solidly within his discretion, the plaintiff's arguments are without merit.
The law is that no person may engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. General Statutes section 42-110b(a). In determining whether or not a violation of the statute has taken place, courts have traditionally applied what has come to be known as the cigarette test. That test requires that the court determine whether or not the practice offends public policy; whether or not the practice is immoral, unethical, oppressive or unscrupulous; or whether or not the practice causes substantial injury to consumers, competitors or other businessmen.Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 105-06,612 A.2d 1130 (1992). CT Page 3132-e
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Cheshire Mortgage Service, Inc. v. Montes, supra 223 Conn. 105-06. "Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy . . ." (Citations omitted) Web Press Services Corp. v. New LondonMotors, Incv., 203 Conn. 342, 355, 525 A.2d 57 (1987).
The language of the statute and the case law clearly indicate that a single act of negligence may be sufficient to sustain a finding of a CUTPA violation. Since the degree to which a violation has occurred is a determination for the fact finder, this court will not substitute its judgment for that of the Commissioner. The Commissioner, taking the facts found by the Hearing Officer, concluded that the single act of negligence was sufficient to find that the plaintiff had violated CUTPA. This finding is not unfounded under the law. Also, the Commissioner was acting within his authority when he accepted the factual finding of the Hearing Officer, but reached a different legal conclusion. This does not constitute a ground for reversal.
The plaintiff next argues that a single act of professional negligence does not support a claim for a CUTPA violation. Citing Beverly HillsConcepts, Inc. v. Schatz, Schatz, Ribicoff and Kotkin, 247 Conn. 48,717 A.2d 724 (1998), the plaintiff claims that the Connecticut Supreme Court has disallowed claims of CUTPA violation based on acts of professional negligence. The defendant argues that the plaintiff misstates the law and that professional negligence may constitute sufficient grounds for a CUTPA violation.
Upon reviewing the case law it appears, again, that the defendant presents the more meritorious argument. The case law upon which the plaintiff primarily relies, states that professional malpractice does not give rise to a cause of action for a CUTPA violation. Beverly HillsConcepts, Inc., supra. There have been only two professions which have been specifically excluded by the courts as the basis for CUTPA violation. These two professions are medicine and law. See e.g. Haynes v.Yale New Haven Hospital, 243 Conn. 17, 699 A.2d 964 (1997); and Jackson v.R.G. Whipple, Inc., 225 Conn. 705, 627 A.2d 374 (1993). The exceptions pertain to only the professional, not the entrepreneurial and commercial, aspects of the profession. As noted by this court, (Nadeau, J.), the Supreme Court has not extended the exception to other professions.
 "The Supreme Court has not yet limited the application CT Page 3132-f of CUTPA to other professionals, such as architects. The cases only speak to limits on CUTPA claims brought against healthcare providers and lawyers. The Supreme Court has articulated public policy reasons why CUTPA claims are brought against these groups of professionals are limited solely to the entrepreneurial or commercial aspects of the profession . . ."
Darien Asphalt Paving, Inc. v. Town of Newton, et. al., Superior Court, judicial district of New Britain at New Britain, Docket No. 04878 (December 3, 1998, Nadeau, J.). Therefore, the plaintiff is not entitled to have the Commissioner's ruling overturned on the ground that the decision was based on allegation of professional negligence.
Claim that a violation of C.G.S. 14-65j(a) does not provide a basis foraction by the Dept. of Consumer Protection
The plaintiff next argues that the Commissioner exceeded his authority because he based his conclusion on a violation of C.G.S. section 14-65j(a). Further, the plaintiff refers to the ruling by the Department of Motor vehicles, in which it held that "it is not illegal to misdiagnose a vehicle problem"; and that "as long as the repairer makes an honest effort to correct the problem . . . there is no violation of Connecticut law." The defendant argues that the Commissioner was entitled to conclude that the public policy violated by the plaintiff which gave rise to CUTPA violation was a violation of section 14-65j(a).
While it does appear that the enforcement and regulation of section14-65j(a) is entrusted to the Department of Motor Vehicles, there do not appear to be any prohibitions against another department relying on a violation of that section as a basis for a public policy violation. Stateof Connecticut v. Leary, 217 Conn. 404, 587 A.2d 85 (1991); Barco AutoLeasing Corp. v. House, 202 Conn. 106, 520 A.2d 162 (1987); and CheshireMortgage Services, Inc. v. Montes, 223 Conn. 80, 612 A.2d 1130 (1992). Additionally, the fact that the two agencies reached different legal conclusions regarding violations does not provide an automatic basis for the overturning of the Commissioner's decision. The conflict in conclusions does raise a question as to the propriety of the Commissioner's ruling. However, this court cannot conclude that the ruling was clearly erroneous or against the law or the evidence.
Claim that Commissioner's Conclusions were Clearly Erroneous
CT Page 3132-g
Essentially, the plaintiff claims that it was the victim of an unfair investigation and that the conclusions of the Commissioner were not founded. In its brief it states: "[h]ere, the State's far reaching claims boiled down to a single incident of mechanic not realizing the harness in question was disconnected." Plaintiff's Brief in Support of Sustaining Its Appeal and Vacating the Order Below, p. 26. The defendant argues that although others might not agree with the conclusions of the Commissioner, those conclusions are sufficiently supported by the evidence and the law.
It is true that the Department alleged and the Commissioner found only one act of misconduct. It is true that the action of the employee of the plaintiff could be interpreted as a harmless mistake or as intentional misconduct. It is true that another fact-finder might have reached a different conclusion. It is equally true, that to overturn the decision of the Commissioner, the plaintiff must do more than show that there are other plausible conclusions. Given the constraints on this court to only overturn the administrative ruling on certain grounds, it has no choice but to affirm the Commissioner's decision.
Claim that the Plaintiff's Due Process Rights were Violated
Finally, the plaintiff claims that because the same agency brought the underlying complaint; prosecuted the complaint; adjudicated the complaint; and rendered the final decision, it's constitutional rights to a fair hearing were violated. The plaintiff also argues, as support for its claim that the hearing was unfair, that the fact that the initial hearing officer was replaced without explanation deprived it of a fair hearing. The defendant argues that the law allows one agency to both prosecute and adjudicate the same claim absent a showing that the dual roles prejudiced the plaintiff.
The mere fact that the same agency prosecuted and adjudicated the complaint is not sufficient to render the hearing unconstitutional. Additionally, the fact that the initial hearing officer was replaced, without more, is not sufficient for this court to find that the plaintiff was denied a fair hearing.
CONCLUSION
The court finds that the Commissioner's decision and conclusions must be affirmed. Though the plaintiff raises a number of challenges to the conclusions reached by the Commissioner, they are all, ultimately, CT Page 3132-h unpersuasive. For this reason, the court affirms the ruling of the Commissioner.
Angela C. Robinson-Thomas, Judge