[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff; Catherine A. Iaccarino ("Iaccarino"), appeals the decision of the defendant, the Planning Zoning Commission of the City of West Haven ("the Commission") approving, with modification, the application (SOO.1) of the defendant, Anthony Cordone ("Cordone" or "the applicant"), for subdivision of property known as 45 Atwood Avenue, 410 Savin Avenue and 416 Savin Avenue. This matter has been consolidated with another matter, Anthony Cordone v. City of West Haven Planning ZoningCommission (CV 00-0439675), wherein Cordone challenges the Commission's action in modifying and approving his application.
Cordone filed his application for subdivision with the Commission on February 10, 2000. The Commission held a public hearing on said application on April 11, 2000. On May 9, 2000 the Commission voted to approve the application with modification, reducing the number of lots from nine to seven. These appeals followed.
A hearing on these consolidated appeals was held on March 13, 2001 at which Iaccarino and Cordone were found aggrieved for purposes of standing to prosecute their respective appeals.
 II
The defendant commission derives its authority to review and act on an application for subdivision from General Statutes, § 8-26 and from Article XI of the Land Use Regulations ("regulations") of the City of West Haven. Section 8-26 provides, inter alia, that all plans for subdivisions shall be submitted to the commission and that the commission "shall approve, modify and approve, or disapprove" any such application. Pursuant to regulations, § 11-2.1(C), "a public hearing on the proposed subdivision shall be held in accordance with the procedures set forth in Chapter 26 of the Connecticut General Statutes." The defendant commission in addressing a subdivision application, functions as a planning commission, Krawski v. Planning Zoning Commission,21 Conn. App. 667, and acts in an administrative capacity, R.K. DevelopmentCT Page 8108Corporation v. City of Norwalk, 156 Conn. 369. The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance, Reed v. Planning Zoning Commission, 208 Conn. 431,433.
 III
The subject property consists of approximately 3 acres. It is located in a residential, R-2, district. Although zoned residential for many years, it is vacant land. The property is irregular in shape and fronts on Atwood Avenue, Bassett Street and Savin Avenue. The terrain is marked by rocky outcroppings and steep slopes and is heavily overgrown with brush and trees. Cordone, in his application proposed subdivision of the property into nine building lots. The commission modified and approved the application, reducing the number of lots to seven, imposing the following conditions:
The pinnacle of Lot 6 to be reduced to 1 to 3 slope.
Combine Lots 8 9 into one lot keeping driveway of what was Lot 9.
 Combine Lots 5 6 into one lot moving existing property line of Lot 7 on the northwest corner over 20 ft. towards the property line of what is now known as Lot 5.
 Fencing will be placed on any property line where the slope grade is 1 to 3 or greater.
 IV
Iaccarino concedes that the Commission has the authority under the regulations, to "modify and approve" an application for subdivision. However, she claims that the Commission abused its discretion in that the modifications imposed so altered the applicant's plan as to require rejection of the plan, with the applicant free to submit a new plan, taking into consideration the concerns which gave rise to the modifications. The plaintiff claims the said alterations warranted a procedure akin to that outlined in West Haven's subdivision regulations, § 11-2.1(F). Said regulation reads in pertinent part:
"If the final plan varies substantially from the preliminary plan as tentatively approved or modified and approved by the Planning Zoning Commission, the CT Page 8109 withdrawal of the application file, together with the filing of a new application, may be required so as to afford the Commission time to review the new layout and the public an opportunity to express their views."
Clearly, § 11-2.1 does not apply as that regulation is applicable to a final plan which varies substantially from a preliminary plan as approved. The instant matter concerns the submission and approval of a preliminary plan only and § 11-2.1 would come into play only if and when the applicant files his final plan.
However, the question posed by the plaintiff Iaccarino is: Did the modifications imposed by the commission so alter the plan as to require its rejection? This Court answers, no. Iaccarino claims that the modifications so altered the plan as to result in a plan so different from the application that the public had no notice and opportunity to be heard regarding the approved, modified, plan. The Court disagrees. In the course of the public hearing on the subject application, the public, including Iaccarino, had a full and fair opportunity to be heard, and the modifications imposed by the commission reflected concerns raised by Iaccarino and others and clearly were an effort to meet certain of such concerns. "In fact, almost the entire rebuttal portion of the Public Hearing was devoted to a discussion of all the changes and conditions that would be necessary to the plan." (Iaccarino's Plaintiffs Brief; p. 1 1). The commission was under no obligation to reject the subject application and was under no obligation to hold a further hearing to allow opponents of said application to state their views on the said modifications. The modifications imposed by the commission did not so alter the subdivision proposal as to constitute a new plan nor did the commission's action in modifying and approving said application deprive the public of an opportunity to be heard. The plaintiff; Iaccarino, has failed to establish that the defendant commission, in modifying and approving said application, abused its discretion.
The Court notes that the West Haven scheme of regulation, as we have seen, does not preclude a further public hearing, should the applicant submit a final plan which varies substantially from that approved.
Iaccarino suggests that the commission acted improperly in approving the subject application without a formal assurance from the city's Inland Wetlands Agency that the subject property contained no wetlands subject to that Agency's regulation. The Court finds there was substantial evidence in the record to permit the defendant commission to move forward on the assumption there were no inland wetlands subject to the Inland Wetlands CT Page 8110
Agency's control. Such evidence included the testimony of the applicant's expert, Stevens (Transcript, April 11, 2000 hearing, p. 14); a letter from Ferris, Chairman of the Inland Wetlands Agency (Return of Record, #5). The commission was justified in concluding that the Inland Wetlands Agency declined to exercise jurisdiction in the matter.
Iaccarino claims that the subject application must be denied because certain of the proposed lots do not conform with the requirements of regulations, § 11.4.1.12 and the applicant failed to seek a written waiver of said requirements. The Court is not persuaded. Section11-4.1.12 reads: "Wherever possible side lot lines shall be perpendicular to straight street lines or radial to curving street lines." The qualifier, "Wherever possible" takes this "street requirement" out of the mandatory category and a written request for waiver by the commission is not required. The Court finds that the plaintiff, Iaccarino, has failed to establish her claims by a fair preponderance of the evidence. The Court finds that the application at issue substantially complied with the filing requirements of regulations, § 11-3.1 and § 11.3.2.
 V
In his appeal of the commission's decision (CV 00-0439675), the applicant Cordone claims the modifications imposed constituted an abuse by the commission of its discretion. Cordone argues that his application conformed in every respect to the zoning and planning regulations; since none of the conditions imposed by the commission were required by statute or regulation, the commission abused its discretion by imposing same.
The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district, TLC Development, Inc. v. Planing Zoning Commission,215 Conn. 527, 532-33. Subdivision regulations cannot be too general in their terms and must contain known and fixed standards that apply to all similar cases, Sowin Associates v. Planning Zoning Commission,23 Conn. App. 370, 376. (citation omitted). General policy statements gleaned from subdivision regulations regarding compliance with public health and safety regulations do not provide a sufficient basis for rejection of a subdivision permit, Id. (Citation omitted). The subdivision regulations upon which the commission, acting administratively, should rule must contain known and fixed standards applying to all cases of a like nature, and must conform to the principle that a regulation, like a statute, cannot be too general in its terms,Ghent v. Planning Commission, 219 Conn. 511, 517 (citation omitted). CT Page 8111 "Although some of the standards may be general in their terms, they . . . [must be] reasonably sufficient to identify the criteria to be evaluated in their enforcement in order to meet the many variables involved since it would be impossible to establish one standard which would adequately cover all future cases." Id., at 518 (citation omitted).
 VI
Cordone claims that his application met all the area and bulk requirements of the zoning regulations and that consequently the commission had no discretion to reduce the number of lots from nine to seven, and impose sloping and fencing requirements. Not so. Although subdivision regulations and zoning regulations have separate functions, landowners must comply with the requirements of each applicable regulation, Smith v. Zoning Board of Appeals, 227 Conn. 71, 98 (citation omitted).
Regulations, § 11-1.1, sets out the "General Purpose of Subdivision Regulations" as promotion and protection of "public health, safety and the general welfare." These general goals include the following specific purposes:
 A. "To insure that only land suitable for building purposes without danger to health, safety or public welfare will be subdivided . . ."
While the commission stated no reasons for imposing the modifications, there is substantial evidence in the record to support a finding that the said modifications were imposed to ensure compliance with the above-cited "specific purpose". The property in question contained unusual features peculiar to it, including irregular shaped lots, steep slopes and rocky outcroppings which, as a practical matter reduced the buildable area of several proposed lots and contributed to drainage and safety concerns. The commission's actions in reducing the number of buildable lots, limiting steepness of slopes, requiring fencing and reducing the number of adjacent driveways were designed to bring the applicant's proposal into compliance with subdivision regulations. The "specific purposes" of § 11-1.1, are for the commission's guidance and are not to be ignored. The Court agrees with the commission that the requirements of regulations, § 11.3.2. b), coupled with those of §§ 11-3.2.5,11-3.2.3 and 11.3.2.1 contemplate a review of slope grades and allow modifications of an application to bring said application into compliance and protect the public health and safety. So, too, with the lot reductions imposed. The record demonstrates (Return of Record, #47, 48, 49) that the proposed lots, while technically meeting the bulk and area CT Page 8112 requirements of the zoning regulations, were not in compliance with the purposes of the subdivision regulations. In such circumstances, the commission is not required to sit helplessly by; it has the authority to "modify and approve" and did so here. The record allowed the commission to conclude that the two smallest lots, eight and nine, bisected by a steep ridge, should be combined and that the misshapen lots, six and seven, should be altered by combining lots five and six and shifting the boundary of lot seven. The West Haven land use regulations do not provide for the establishment of rear lots and the commission retains the discretion to block what it sees as an attempt to circumvent the prohibition by a subdivision plan not in compliance with subdivision regulations. The Court finds the applicant, Cordone, has failed to establish, by a fair preponderance of the evidence, that the defendant commission, in modifying and approving the subject application, acted illegally, arbitrarily or in abuse of the discretion vested in it.
 VII
In the matter, then, of Catherine Iaccarino v. City of West HavenPlanning Zoning Commission, et al (CV 00-0440204) the appeal is dismissed and judgment may enter in favor of the defendants, the City of West Haven Planning Zoning Commission and Anthony Cordone.
In the matter of Anthony Cordone v. City of West Haven Planning Zoning Commission (CV 00-0439675) the appeal is dismissed and judgment may enter in favor of the defendant, the City of West Haven Planning 
Zoning Commission.
By the Court,
 ___________________ JOHN T. DOWNEY JUDGE TRIAL REFEREE